KC FILED
NOV 0 2 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS LYONS, | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | 07CV6214 |
| | ) | JUDGE HIBBLER |
| OFFICERS CONNELLY, BECHIVA, JOHN DOE, AND THE CITY OF CHICAGO, A MUNICIPAL CORPORATION | ) ) ) | MAGISTRATE JUDGE VALDEZ |
| Defendants. | ) | |

## COMPLAINT

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1323 (3); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

2. Plaintiff, Curtis Lyons is an African-American male, a citizen of the United States, and a resident of Chicago, Illinois.

3. Defendant OFFICERS CONNELLY, BECHIVA AND JOHN DOE, whose name is not currently known, are police officers employed by the City of Chicago, and were at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant Officers Connelly, Bechiva and John Doe are being sued individually.

4. The City of Chicago, is a municipal corporation within the State of Illinois, and was all times material to this Complaint, the employer of defendant police officers

Connelly, Bechiva and John Doe.

## FACTS

5. On November 3, 2006 Curtis Lyons was pulled over by an unmarked squad car on 67th and Peoria Streets in Chicago, IL. Despite his not having committed a traffic violation and possessing a valid driver's license and insurance, Lyons was asked to exit his car so that the car could be searched.

6. Upon searching the vehicle, Officers then arrested Lyons for possession of a controlled substance, even though the officers knew Lyons did not possess a controlled substance.

7. Lyons was arrested and taken to the Cook county jail. The criminal charges against the plaintiff were eventually resolved in his favor.

## COUNT I

### (42 U.S.C. SECTION 1983-FALSE ARREST)

(1-7). Plaintiff Curtis Lyons alleges and realleges paragraphs 1 through 7 as fully set forth herein.

8. The above acts of the Defendant Officers Connelly, Bechiva and John Doe were willfully and wantonly done without probable cause and were a direct and proximate cause of Mr. Lyon's pain, suffering and mental anguish, and therefore violated the Plaintiff's Fourth Amendment Right to be free from unreasonable arrest, search and seizure.

**WHEREFORE**, Plaintiff Curtis Lyons seeks $30,000 in actual or compensatory

damages against Defendant Officers Connelly, Bechiva and John Doe individually and because they acted maliciously, willfully and/or wantonly, Plaintiff demands $15,000 in punitive damages against Officers Connelly, Bechiva and John Doe individually.

## COUNT II

### (Malicious Prosecution Under Illinois Law)

(1-7). Plaintiff Curtis Lyons alleges and realleges paragraphs 1 through 7 as though fully set forth herein.

8. The above prosecution was initiated by the defendants to harass the Plaintiff.

9. The defendants signed fabricated complaints against Plaintiff which began the prosecution of him. Defendants further gave false statements against Plaintiff to the prosecutor.

10. The unjustifiable prosecution was resolved in the Plaintiff's behalf and, therefore, said prosecution was in violation of the Illinois law.

11. The unjustifiable prosecution of the Plaintiff Curtis Lyons was done willfully and wantonly and was the direct and proximate cause of the physical and mental injuries suffered by the Plaintiff.

**WHEREFORE,** Plaintiff Curtis Lyons seeks $30,000 in actual or compensatory damages against each Defendant Officer Connelly, Bechiva and John Doe individually, and because the above defendants acted maliciously, willfully and/or wantonly, Plaintiff demands $15,000 in punitive damages against each defendant officer.

## COUNT III

### (42 U.S.C. Section 1983-Conspiracy)

(1-7). Plaintiff Curtis Lyons alleges and realleges paragraphs 1 through 7 as though fully set forth herein.

8. Officers Defendant Officers Connelly, Bechiva and John Doe reached an understanding, engaged in a sequence of events or course of conduct, and otherwise agreed and conspired together to violate the constitutional rights of the Plaintiff.

9. All defendant officers did reach this understanding and agreement, and did engage in this course of conduct with the mutual purpose, objective, and knowledge that it would deprive the Plaintiff of his rights, privileges and immunities as guaranteed by the Constitution and laws of the United States.

10. Additionally, said conspiracy/joint action violated Plaintiff's Fourth Amendment rights under the color of law in violation of 42 U.S.C. Section 1983, and was a direct and proximate cause of his pain, suffering and metal anguish.

11. Acting in furtherance of this plan and conspiracy, each of the Defendants committed overt acts, including, but not limited to, false arrest, as fully alleged in paragraphs 1-7. This course of conduct by the Defendants was done willfully, maliciously, intentionally or with reckless disregard and directly and proximately caused serious injury to the Plaintiff.

**WHEREFORE** Plaintiff demands $15,000 in compensatory damages against each Defendant, and because the Defendants acted maliciously, willfully and /or wantonly,

Plaintiff demands $15,000 in punitive damages against Defendant Officers Connelly, Bechiva and John Doe individually.

## COUNT IV

### (Respondent Superior under Illinois Law Against the City of Chicago)

(1-7).  Plaintiff Curtis Lyons alleges and realleges paragraphs 1 through 7 as though fully set forth herein.

8.  The aforesaid act of Defendant Officers Connelly, Bechiva and John Doe in maliciously prosecuting Curtis Lyons was done within the scope of their employment as Chicago police officers, was willful and wanton, and therefore the defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of respondent superior.

**WHEREFORE,** Plaintiff Curtis Lyons demands judgment against Defendant City of Chicago plus costs, and such other additional relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.**

Respectfully Submitted,

The Law Office of Standish E. Willis

By: *[signature: Angela Lockett]*

407 S. Dearborn, Suite 1395
Chicago, IL  60605
312.554.0005