**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CURTIS LYONS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07 C 6214 |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICERS CONNELLY, BECHIVA, | ) | Judge Hibbler |
| JOHN DOE, AND THE | ) | |
| CITY OF CHICAGO, A MUNICIPAL | ) | Magistrate Judge Valdez |
| CORPORATION | ) | |
| | ) | |
| Defendants. | ) | Jury Demanded |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, 12(B)(6) DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendants, Michael CONNOLLY, and Steven BECHINA, (hereinafter referred to as "Defendant Officers"), and Defendant City of Chicago, (hereinafter referred to as "City") by one of their attorneys, Thomas Freitag, Assistant Corporation Counsel, for their Answer, Affirmative Defenses, Fed. R. Civ. P. 12(b)(6) Defenses, and Jury Demand to Plaintiff's Complaint, state as follows:

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1323 (3); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

**ANSWER:** Defendants admit that jurisdiction is proper under the statutory provisions alleged in this paragraph, but deny any wrongful or illegal conduct.

2. Plaintiff, Curtis Lyons is an African-American male, a citizen of the United States, and a resident of Chicago, Illinois.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3. Defendant OFFICERS CONNELLY, BECHIVA AND JOHN DOE, whose name is not currently known, are police officers employed by the City of Chicago, and were at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant Officers Connelly, Bechiva and John Doe are being sued individually.

**ANSWER:** Defendants admit the allegations regarding Defendant Officers contained in Paragraph 3, but deny any wrongful or illegal conduct and are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding unknown John Doe.

4. The City of Chicago, is a municipal corporation within the State of Illinois, and was all times material to this Complaint, the employer of defendant police officers Connelly, Bechiva and John Doe.

**ANSWER:** Defendants admit the allegations regarding City and Defendant Officers contained in Paragraph 4, but deny any wrongful or illegal conduct and are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding unknown John Doe.

## FACTS

5. On November 3, 2006-Curtis Lyons was pulled over by an unmarked squad car on 67th and Peoria Streets in Chicago, IL. Despite his not having committed a traffic violation and possessing a valid driver's license and insurance, Lyons was asked to exit his car so that the car could be searched.

**ANSWER:** Defendant Officers admit that on November 3, 2006, Plaintiff was pulled over for a traffic violation in the area of 67th and Peoria Streets in Chicago, Illinois, but deny any remaining allegations.

The City admits, according to Chicago Police Department ("CPD") records, that on November 3, 2006, Plaintiff was pulled over for a traffic violation in the area of 67th and Peoria Streets in Chicago, Illinois, but deny any remaining allegations.

6. Upon searching the vehicle, Officers then arrested Lyons for possession of a controlled substance, even though the officers knew Lyons did not possess a controlled substance.

**ANSWER:** Defendant Officers admit that Plaintiff's vehicle was searched and that Plaintiff was arrested for possession of a controlled substance, but deny any remaining allegations.

The City admits, according to Chicago Police Department ("CPD") records, that Plaintiff's vehicle was searched and that Plaintiff was arrested for possession of a controlled substance, but deny any remaining allegations.

7. Lyons was arrested and taken to the Cook county jail. The criminal charges against the plaintiff were eventually resolved in his favor.

**ANSWER:** Defendants admit that Plaintiff was arrested, but are without knowledge or information sufficient to form a belief as to the truth as to Plaintiff being taken to the Cook County jail, and upon information and belief, the criminal case against Plaintiff was nolle prosequi'd by a judge on November 22, 2006, but deny any remaining allegations.

**COUNT I**
**(42 U.S.C SECTION 1983-FALSE ARREST)**

(1-7). Plaintiff Curtis Lyons alleges and realleges paragraphs 1 through 7 as fully set forth herein.

**ANSWER:** Defendants reassert their answers to Paragraphs 1-7 as their answers to this paragraph, as if fully stated herein.

8. The above acts of the Defendant Officers Connelly, Bechiva and John Doe were willfully and wantonly done without probable cause and were a direct and proximate cause of Mr. Lyon's pain, suffering and mental anguish, and therefore violated the Plaintiffs Fourth Amendment Right to be free from unreasonable arrest, search and seizure.

**ANSWER:** Defendants deny the allegations contained in this Paragraph.

**COUNT II**
**(Malicious Prosecution Under Illinois Law)**

(1-7). Plaintiff Curtis Lyons alleges and realleges paragraphs 1 through 7 as though fully set forth herein.

**ANSWER:** Defendants reassert their answers to Paragraphs 1-7 as their answers to this paragraph, as if fully stated herein.

8. The above prosecution was initiated by the defendants to harass the Plaintiff.

**ANSWER:** Defendants deny the allegations contained in this Paragraph.

9. The defendants signed fabricated complaints against Plaintiff which began the prosecution of him. Defendants further gave false statements against Plaintiff to the prosecutor.

**ANSWER:** Defendants admit that complaints were signed against Plaintiff for Possession of a Controlled Substance, and the state's attorney filed charges based upon that arrest, but deny any remaining allegations and any wrongful or illegal conduct.

10. The unjustifiable prosecution was resolved in the Plaintiff's behalf and, therefore, said prosecution was in violation of the Illinois law.

**ANSWER:** Defendants deny the allegations contained in this Paragraph.

11. The unjustifiable prosecution of the Plaintiff Curtis Lyons was done willfully and wantonly and was the direct and proximate cause of the physical and mental injuries suffered by the Plaintiff.

**ANSWER:** Defendants deny the allegations contained in this Paragraph.

**COUNT III**
**(42 U.S.C. Section 1983-Conspiracy)**

(1-7). Plaintiff Curtis Lyons alleges and realleges paragraphs 1 through 7 as though fully set forth herein.

**ANSWER:** Defendants reassert their answers to Paragraphs 1-7 as their answers to this paragraph, as if fully stated herein.

8. Officers Defendant Officers Connelly, Bechiva and John Doe reached an understanding, engaged in a sequence of events or course of conduct, and otherwise agreed and conspired together to violate the constitutional rights of the Plaintiff.

**ANSWER:** Defendants deny the allegations contained in this Paragraph.

9. All defendant officers did reach this understanding and agreement, and did engage in this course of conduct with the mutual purpose, objective, and knowledge that it would deprive the Plaintiff of his rights, privileges and immunities as guaranteed by the Constitution and laws of the United States.

**ANSWER:** Defendants deny the allegations contained in this Paragraph.

10. Additionally, said conspiracy/joint action violated Plaintiff's Fourth Amendment rights under the color of law in violation of 42 U.S.C. Section 1983, and was a direct and proximate cause of his pain, suffering and metal anguish.

**ANSWER:** Defendants deny the allegations contained in this Paragraph.

11. Acting in furtherance of this plan and conspiracy, each of the Defendants committed overt acts, including, but not limited to, false arrest, as fully alleged in paragraphs 1-7. This course of conduct by the Defendants was done willfully, maliciously, intentionally or with reckless disregard and directly and proximately caused serious injury to the Plaintiff.

**ANSWER:** Defendants deny the allegations contained in this Paragraph.

**COUNT IV**
**(Respondent Superior under Illinois Law Against the City of Chicago)**

This Count is directed only against the Defendant City. The Defendant Officers therefore make no answer to any allegation contained in this count.

(1-7). Plaintiff Curtis Lyons alleges and realleges paragraphs 1 through 7 as though fully set forth herein.

**ANSWER:** Defendant City reasserts their answers to Paragraphs 1-7 as their answers to this paragraph, as if fully stated herein.

8. The aforesaid act of Defendant Officers Connelly, Bechiva and John Doe in maliciously prosecuting Curtis Lyons was done within the scope of their employment as Chicago police officers, was willful and wanton, and therefore the defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of respondent superior.

**ANSWER:** Defendant City admits that at all times relevant to Plaintiff's Complaint, the Defendant Officers were acting within the scope of their employment as Chicago Police Officers, and state that the allegation of this paragraph that the City is liable under the doctrine of respondeat superior for the actions of its agents contains a vague, incomplete, or incorrect statement of the nature of the City's liability under the doctrine of respondeat superior under Illinois law and therefore this allegation is deemed denied, and further deny any wrongful or illegal conduct by the Defendant officers.

**AFFIRMATIVE DEFENSES**
**FIRST AFFIRMATIVE DEFENSE**
**QUALIFIED IMMUNITY**

Defendant Officers are government officials, namely police officers, who performed discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendants could have believed his actions to be lawful, in light of clearly established law and the information that Defendants possessed. Defendants, therefore, are entitled to qualified immunity as a matter of law.

**SECOND AFFIRMATIVE DEFENSE**
**STATE TORT IMMUNITY ACT 745 ILCS 10/2-201**

As to all state law claims, under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because the decision to arrest Plaintiff was based upon the information and circumstances known to Defendants at the time, and was a discretionary decision for which he is immune from liability. 745 ILCS 10/2-201 (West 2006).

**THIRD AFFIRMATIVE DEFENSE**

**STATE TORT IMMUNITY ACT 745 ILCS 10/2-202**

Defendant Officers were working as police officers at the time of this incident. Therefore, as to all claims, under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. 745 ILCS 10/2-202 (West 2006).

**FOURTH AFFIRMATIVE DEFENSE**
**STATE TORT IMMUNITY ACT 745 ILCS 10/2-204**

Defendants are not liable for any of Plaintiff's alleged claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (West 2006).

**FIFTH AFFIRMATIVE DEFENSE**
**STATE TORT IMMUNITY ACT 745 ILCS 10/2-208**

Under Illinois Tort immunity law, Defendants are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208(West 2006).

**SIXTH AFFIRMATIVE DEFENSE**
**STATE COMPARATIVE AND CONTRIBUTORY FAULT LAW**

That any injuries or damages claimed by the Plaintiff against Defendants were caused, in whole or in part, by negligent, wilful and wanton, and intentional conduct of the Plaintiff. Even if Defendants were liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, wilful and wanton and intentional conduct of Plaintiff which were the proximate cause of his injuries. In addition, at the time of the actions alleged in Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2006) was in effect and

reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

**SEVENTH AFFIRMATIVE DEFENSE:**
**MITIGATION OF DAMAGES**

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by a jury in this case.

**EIGHTH AFFIRMATIVE DEFENSE:**

Under Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), the City is not liable under section 1983 for its employees' misconduct.

**NINTH AFFIRMATIVE DEFENSE:**

Defendant City is not liable to plaintiff if its employees or agents are not liable to the plaintiff. 745 ILCS 10/2-109 (2006).

**FED. RULE CIV. PRO. 12(b)(6) DEFENSES**

**FIRST 12(b)(6) DEFENSE:**
**PUNITIVE DAMAGES IN VIOLATION OF DUE PROCESS**

An award of punitive damages would deprive Defendants of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

(a) liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence; and,

(B) the award of punitive damages is disproportionate to actual damages.

**CONCLUSION**

WHEREFORE, Defendants respectfully request that judgment be entered in their favor and against Plaintiff in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.

**JURY DEMAND**

Defendants hereby demand a jury trial for all issues so triable.

Respectfully submitted,

*/S/ Thomas H. Freitag*
THOMAS H. FREITAG
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-7391
(312) 744-6566 (Fax)
Atty. No.: 06272245